IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| TAMMY GORDON, | Cause No. CV 12-119-BLG-RFC |
| Petitioner, | |
| vs. | ORDER OF DISMISSAL |
| WARDEN RANDY L. TEWS, | |
| Respondent. | |

On September 12, 2012, the Clerk of Court received from the Ninth Circuit Court of Appeals a habeas petition under 28 U.S.C. § 2241 submitted by Petitioner Tammy Gordon. The petition addresses Gordon's criminal conviction in *United States v. Gordon*, No. CR 08-73-BLG-RFC (D. Mont. judgment entered July 14, 2009).[1] On September 24, 2012, the Court received additional documents.

Gordon was convicted of conspiracy to possess with intent to distribute more than 500 grams of a substance containing methamphetamine, a violation of 21 U.S.C. §§ 841(a) and 846. Judgment was entered on July 14, 2009.

---

[1] Subsequent references to document numbers pertain to the criminal case.

Just over two months later, on September 28, 2009, Gordon filed a "Notice of Intent to Appeal Under 28 U.S.C. § 2255" (doc. 40-1) and a motion (doc. 40) for free copies of all the documents in the record of the case. On September 29, 2009, I denied the motion. I advised Gordon that her counsel received her copies in the regular course of the proceedings, the Court was not required to supply them a second time, and she could obtain them from her attorney. Mot. for Copies (doc. 40); Order (doc. 41).

Gordon did not file a § 2255 motion. Instead, two and a half years later, on March 19, 2012, she filed a "Motion to Quiet Title and Demand for Immediate Release of Subject Property" (doc. 43) – viz., herself. The motion was denied as frivolous on March 26, 2012. Order (doc. 44). On April 2, 2012, she filed a "Petition to Show Cause Why Plaintiff Has Not Released Collateral Tammy Gordon from Custody" (doc. 45). It, too, was denied as frivolous. Order (doc. 46).

On August 23, 2012, Gordon submitted the instant § 2241 petition to the Ninth Circuit Court of Appeals, which transferred the matter to this Court. Order at 1, *Gordon v. Tews*, No. 12-72711 (9th Cir. Sept. 10, 2012).

Generally, a motion under 28 U.S.C. § 2255 is the only appropriate vehicle for challenging a federal criminal conviction. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). A § 2241 petition

might be available in unusual circumstances, but these do not include Gordon's absurd private-contract theories. Even a compelling showing of actual innocence, for example, will not support relief under § 2241 if the petitioner could have presented her claim under § 2255. *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). There is no reason to treat the § 2241 petition as an inexpert pro se litigant's attempt to file what is in substance a § 2255 motion.

The claims in the petition are frivolous, and the record of the criminal case shows that Gordon was timely aware of the existence of a remedy under 28 U.S.C. § 2255, *see* Notice of Intent to Appeal Under 28 U.S.C. § 2255 (doc. 40-1). The interests of justice support neither recharacterization of the § 2241 petition as a § 2255 motion nor transfer of this matter to another District Court to cure want of personal jurisdiction over the Respondent, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); 28 U.S.C. § 1631. The action is frivolous.

A certificate of appealability is not required or permitted under 28 U.S.C. § 2253(c)(1). It is clear, however, that any appeal from this disposition would not be taken in good faith.

Accordingly, IT IS HEREBY ORDERED as follows:

1. All pending motions are DENIED.

2. The petition is DISMISSED as frivolous.

3. The Court CERTIFIES, pursuant to Fed. R. App. 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith.

4. The Clerk of Court shall, by separate document, enter a judgment of dismissal.

5. No motions for reconsideration, rehearing, or other form of relief will be entertained in this closed case.

DATED this 26 day of September, 2012.

Richard F. Cebull, Chief Judge
United States District Court